**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VINCENT JAMES KROCKA,

        Petitioner,

                                          Case No: 8:14-cv-01548-T-24-TGW
v.                                               Cr. No.:  8:06-cr-127-T-24-TGW

UNITED STATES OF AMERICA,

        Respondent.
_____

**ORDER**

    This cause comes before the Court on Petitioner Vincent James Krocka's third amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Cv. Dkt. 8). The Government filed a response in opposition (Cv. Dkt. 12), to which Petitioner filed a reply (Dkt. 13).

**I.    BACKGROUND**

    Petitioner was charged with nineteen counts of mailing threatening and extortionate communications, in violation of 18 U.S.C. §§ 876(b) and (c), and six counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). Petitioner was convicted by a jury of five counts of mailing threatening and extortionate communications under 18 U.S.C. § 876(b), five counts of mailing threatening communications under 18 U.S.C. § 876(c), and six counts of witness tampering under 18 U.S.C. § 1512(b)(1).

    Petitioner was sentenced to 121 months' imprisonment. The sentence was within the advisory guideline range of 97-121 months' imprisonment. Petitioner filed a direct appeal and the Eleventh Circuit affirmed in part, reversed in part as to two counts of witness tampering, and

remanded for resentencing. *See United States v. Krocka*, 376 Fed. App'x 983 (11th Cir. 2010) (unpublished).

Petitioner was re-sentenced to 121 months' imprisonment on July 18, 2013. His first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence was filed on June 26, 2014, and denied without prejudice. He filed a second motion on July 9, 2014, with the same result.[1] Petitioner filed the instant motion on August 18, 2014. This § 2255 motion was timely filed based on the date of his first-filed motion.

## II.     MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner sets forth eight grounds for collateral relief based on alleged violations of his Fifth Amendment due process rights and his Sixth Amendment right to effective assistance of counsel and speedy trial. (Cv. Dkt. 8, pg. 6). Petitioner claims his due process rights were violated as a result of: (1) the admission of evidence of other crimes at trial; (2) the government's alleged "outrageous" behavior at trial; (3) the government's alleged sentencing manipulation; and (4) the government's alleged witness tampering. Petitioner claims ineffective assistance of counsel based on his trial counsel's failure to move to suppress evidence of Petitioner's other crimes and evidence of letters Petitioner wrote while incarcerated. Petitioner also claims his Sixth Amendment right to a speedy trial was violated. Finally, Petitioner claims that the collective result of the aforementioned issues violated his Fifth and Sixth Amendment rights. (Cv. Dkt. 8, at 6; Doc. 14, at 1-18).

Each of Petitioner's claims is either procedurally barred, procedurally defaulted, or fails to satisfy the standard for ineffective assistance of counsel. Therefore, Petitioner's motion is denied.

---

[1] Petitioner filed a memorandum in support of his first motion on June 27, 2014. He filed a memorandum in support of his second motion on July 11, 2014. He filed an amended memorandum in response to the government's response on December 24, 2014.

### A.  Procedural Bar

Grounds One and Five are procedurally barred from being considered in a § 2255 motion because they were raised on direct appeal. "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citing *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)); *See also Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). Re-characterizing a ground for relief will not avoid procedural bar. *Nyhuis*, 211 F.3d at 1343. Procedural bar can only be avoided if there is an "intervening change in controlling law." *Ochoa v. United States*, 569 Fed. App'x 843, 845 (11th Cir. 2014) (unpublished) *cert. denied*, 135 S. Ct. 463 (2014) (citing *Rozier*, 701 F.3d at 684); *see also Davis v. United States*, 94 S. Ct. 2298, 2303 (1974). This exception is inapplicable here.

In Ground One, Petitioner claims that he was prejudiced as a result of the admission of evidence of other crimes at trial, in violation of his right to due process. (Cv. Dkt. 8, at 6). He argues that the testimony given by law enforcement alleging that Petitioner held his children hostage inside his home and fired a weapon was "highly prejudicial and untruthful," and prevented a fair trial. (Cv. Dkt. 14, at 2-4). In Ground Five, Petitioner argues that his speedy trial rights were violated because the case was not dismissed at trial. (Cv. Dkt. 8, at 6; Cv. Dkt. 14, at 11).

Petitioner raised Grounds One and Five in his direct appeal to the Eleventh Circuit (Cv. Dkt. 8, at 5; Cv. Dkt. 12-1, at 4). Therefore, Petitioner's claims in Grounds One and Five are precluded by prior resolution in the Eleventh Circuit, and are barred from consideration in this § 2255 motion for collateral relief.

### B. Procedural Default

Grounds Four, Six, Seven, and Eight are barred from consideration in Petitioner's § 2255 motion because of the procedural default rule. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001)); *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998)); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

There are two exceptions to this rule. *Lynn*, 365 F.3d at 1234. The first exception has a two-fold requirement: the Petitioner "must show cause for not raising the claim . . . on direct appeal *and* actual prejudice from the alleged error." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). To be able to show cause for his failure to raise a claim previously, the Petitioner must demonstrate that he was unable to do so due to "some objective factor external to the defense." *Lynn*, 365 F.3d at 1235 (citing *Smith v. Jones,* 256 F.3d 1135, 1145 (11th Cir. 2001)); *See also Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001); *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). In order to demonstrate prejudice, the Petitioner "must show that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'" *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (citing *McCoy,* 953 F.2d at 1261) (quoting *Murray*, 477 U.S. at 494).

The second exception is actual innocence, which can be shown through "'reliable evidence . . . not presented at trial.'" *Lynn*, 365 F.3d at 1234-1235; *High v. Head*, 209 F.3d 1257, 1270 (11th Cir. 2000) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Mills v. United States*, 36 F.3d 1052, 1055-1056 (11th Cir. 1994); *Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (citing *Johnson,* 256 F.3d at 1171).

In Ground Four, Petitioner argues that he was denied his Fifth Amendment due process rights as a result of the government's "outrageous" behavior. (Cv. Dkt. 8, at 6; Cv. Dkt. 14, at 8). In his summary of the government's alleged outrageous conduct, Petitioner claims that his firearms were confiscated illegally by the Hillsborough County Sherriff's Office, and that the Hillsborough County Sherriff's Office "interfered with" letters Petitioner wrote to his wife while he was incarcerated by allowing them to be mailed, despite an office policy prohibiting threatening or extortionate letters from being mailed. (Cv. Dkt. 14, at 8-11). He argues that this was done intentionally so that he would be charged with mailing threatening and extortionate communications and "deprive[d] of his liberty." (Cv. Dkt. 14, at 10). However, Petitioner did not raise this claim previously, and he does not show cause for this failure. (Cv. Dkt. 12-1; Doc. 14, at 8-11); *Lynn*, 365 F.3d at 1234-1235. His claims regarding the government's alleged behavior do not explain why he was unable to raise this claim at the trial level or on direct appeal. Even if his allegations regarding the government's behavior were true, they do not constitute "objective factor[s] external to the defense" that would have prevented him from raising this claim previously. *Id*. at 1235; (Cv. Dkt. 14, at 8-11). Further, Petitioner does not assert that he did not write and send the letters in question. As such, Petitioner has failed to show actual innocence and may not avoid the procedural bar to his claims on this basis. *Lynn*, 365 F.3d at 1234-1235; *High*,

209 F.3d at 1270; (Cv. Dkt. 14, at 8-11). Thus, Ground Four is procedurally defaulted and barred from consideration in this § 2255 motion.

In Ground Six, Petitioner raises the issue of whether the government engaged in sentencing manipulation, denying him his Fifth Amendment due process rights. (Cv. Dkt. 8, at 6). Petitioner argues that he is prejudiced because he did not receive a speedy trial, and that the delay provided the government with the opportunity to improve its case against him. He claims his wife conspired with the Hillsborough County Sherriff's Office to indict him. (Cv. Dkt. 14, at 14-17). Petitioner does not assert that he was unable to raise this issue at trial or on direct appeal, but rather, he merely argues that the tactics utilized by the government and his wife to obtain his conviction were "beyond [his] predisposition."  (Cv. Dkt. 14, at 16). Such statements are insufficient to demonstrate that he was unable to raise this issue at trial or on direct appeal due to "some objective factor external to the defense." *Lynn*, 365 F.3d at 1235.  Therefore, this claim is also barred from consideration due to procedural default.

In Ground Seven, Petitioner argues his Fifth Amendment due process rights were violated due to the government's alleged witness tampering. (Cv. Dkt. 8, at 6; Cv. Dkt. 14, at 17). He argues that the government coached his wife, who was testifying against him, during a recess at trial. (Cv. Dkt. 14, at 18). While Petitioner argues that a change in his wife's demeanor was evident after a recess at trial and that her change in demeanor was attributable to the government's "coaching and correction," he does not assert any reason why he failed to raise this issue at the time of trial or on direct appeal. *Id.* Nor does Petitioner demonstrate that he was unable to raise the issue of the government's purported witness tampering for any reason. *See Lynn*, 365 F.3d at 1235. As Petitioner has failed to show any circumstances that justify an

6

exception to the procedural bar with regard to Ground Seven, this claim is also barred from consideration in the § 2255 motion due to procedural default.

Ground Eight raises the issue of whether the Petitioner was denied his Fifth and Sixth Amendment rights due to the collective result of the aforementioned issues. (Cv. Dkt. 8, at 6; Cv. Dkt. 14, at 1-18). As the Court has found that the issues raised in Grounds One through Seven were either procedurally barred or procedurally defaulted, this claim is without merit.

On the basis of the foregoing, Grounds Four, Six, Seven, and Eight are barred from consideration in the § 2255 motion by procedural default. (Cv. Dkt. 8, at 11-12; Cv. Dkt. 12-1, at 4).

### C. Ineffective Assistance of Counsel

Grounds Two and Three raise the issue of whether Petitioner was denied his Sixth Amendment right to effective assistance of counsel. (Cv. Dkt. 8, at 6). In Ground Two, Petitioner claims that his trial counsel's failure "to formally object and/or move for suppression of highly prejudicial evidence" of "other crimes" deprived him of his right to effective assistance of counsel, and that counsel's failure to object or move to suppress prejudiced him. (Cv. Dkt. 14, at 6; Cv. Dkt 8, at 6). In Ground Three, Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel and prejudiced due to his trial counsel's failure to move to suppress evidence of letters Petitioner wrote while incarcerated.

Two requirements must be satisfied in order for Petitioner to show that he received ineffective assistance of counsel. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). Petitioner must first establish that "counsel's performance was deficient." *Id*. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Counsel's performance is considered

7

deficient when the attorney's actions "fell below an objective standard of reasonableness." *Id*. Next, Petitioner must establish that "the deficient performance prejudiced the defense." *Id*. Establishing prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* To satisfy the second requirement, Petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 2068. "The burden of persuasion is on a petitioner to prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc). Both requirements must be met. *Id*. at 2064.

    Petitioner's arguments in Grounds One and Two both fail as to the second prong of the *Strickland* test because Petitioner has not asserted any facts showing he was prejudiced by his counsel's performance. Petitioner asserts that his trial counsel "alluded to objecting to the government's introduction of [] evidence regarding prior 'bad acts' evidence against the Petitioner," but never formally objected. (Cv. Dkt. 14, at 5). Petitioner argues that his trial counsel's failure to formally object "inflamed the passions of the jury and led the jury into irrelevant matters" and the outcome of the matter would have been different but for trial counsel's failure to move to suppress prejudicial testimony. *Id*. at 6. However, Petitioner does not assert any facts supporting his conclusory arguments that the outcome of the matter would have been different had his trial counsel moved to suppress or objected to the other crimes evidence. Because Petitioner failed to provide any factual basis supporting his claims that he suffered prejudice as a result of his counsel's performance, Petitioner has not established with a reasonable probability that the outcome of the proceedings would have been different if counsel

8

had performed differently. *See Strickland*, 104 S. Ct. at 2068. Therefore, Petitioner is not entitled to relief on his claims in Grounds One and Two.

### a. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing on the matters presented in his motion. Petitioner bears the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Florida Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir.2011). If a petitioner does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id.*

As discussed above, the allegations in Petitioner's § 2255 motion are without merit. Petitioner's allegations do not entitle him to relief as his claims are procedurally barred or procedurally defaulted. Accordingly, he is not entitled to an evidentiary hearing. *See Aron v. United States,* 291 F.3d 708, 714–15 (11th Cir.2002) (indicating that an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). Petitioner's request for an evidentiary hearing must, therefore, be denied.

### b. Application for Certificate of Appealability

Finally, the Court must consider whether Petitioner has raised any issues that entitle him to appeal. A prisoner seeking to vacate his sentence has no absolute entitlement to appeal a district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, 124 S. Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell,* 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). Petitioner has not made the requisite showing in these circumstances. Therefore, Petitioner is not entitled to a COA.

### III. CONCLUSION

Accordingly, Petitioner's Motion under 28 U.S.C. § 2255 is **DENIED**. The Clerk is directed to close the civil case and enter judgment in favor of the United States.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of May, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties