UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:06-cr-127-T-24 TGW
   8:14-cv-1548-T-24 TGW

VINCENT J. KROCKA
_____/

## ORDER

This cause comes before the Court on two motions: (1) Defendant Krocka's Motion for Judicial Recusal (Doc. CR-195; Doc. CV-24) and (2) Defendant Krocka's Motion for Disqualification of Assistant U.S. Attorney (Doc. CR-196; Doc. CV-25).  As explained below, both motions are denied.

## I.  Background

Defendant Krocka was convicted in the criminal case of four counts of Mail Threats, four counts of Extortionate Mail Threats, and four counts of Witness Tampering.  (Doc. CR-187).  He is sentenced to 121 months of imprisonment.  (Doc. CR-187).  He sought § 2255 relief, which was denied on May 7, 2015.  (Doc. CR-193).  Almost a year and a half later, with nothing pending in the criminal or related § 2255 civil cases, Krocka filed the instant motions for judicial recusal and disqualification.

## II.  Motion for Judicial Recusal

Krocka moves for the undersigned to recuse herself from all matters that may arise in his criminal and related § 2555 civil cases.  The basis for this motion is that on August 10, 2016, Krocka filed a civil rights lawsuit that named the undersigned as a defendant.[1]  Additionally,

---

[1] Case No. 8:16-cv-2295-T-30 AEP

Krocka also points out that within the next thirty days, he intends to file a judicial complaint against the undersigned with the Eleventh Circuit Court of Appeals. Thus, according to Krocka, the undersigned has a conflict of interest due to his civil rights case, and the forthcoming judicial complaint will show that the undersigned is incapable of rendering justice. The Court rejects these arguments.

To begin with, on August 24, 2016, Krocka's civil rights case was dismissed by Judge Covington on the grounds that the statute of limitations has expired. As such, Krocka has nothing currently pending against the undersigned. The fact that Krocka had filed suit against the undersigned and intends to file a judicial complaint are not sufficient bases to mandate the undersigned's recusal. See In re Bush, 232 Fed. App'x 852, 854 (11th Cir. 2007); U.S. v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006); U.S. v. Studley, 783 F.2d 934, 939–40 (9th Cir. 1985). As explained by one court:

> Recusal is required in certain circumstances, including when the judge has a personal bias or prejudice concerning a party. In addition, [a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The standard for recusal under § 455(a) is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality. A judge's rulings in a related case are not a sufficient basis for recusal, except where pervasive bias is shown. A judge is not disqualified merely because a litigant sues or threatens to sue him.

Bush, 232 Fed. App'x at 854 (quotation marks, alterations, and citations omitted); see also Cuyler v. Aurora Loan Services, LLC, 2012 WL 10488184, at *1 n.2 (11th Cir. Dec. 3, 2012). The filing of a lawsuit against a judge, on its own, cannot be used to manipulate the courts by allowing a litigant to judge-shop. Accordingly, the Court denies Krocka's motion for judicial

recusal.

**III.  Motion for Disqualification**

Next, Krocka moves to disqualify the Assistant U.S. Attorney from any further involvement in his criminal and related § 2255 civil cases, because she also is a named defendant in his civil rights case.  There is no objective basis for her disqualification, and for the same reasons this Court has denied the motion for recusal, the Court denies Krocka's motion for disqualification.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant Krocka's Motion for Judicial Recusal (Doc. CR-195; Doc. CV-24) is **DENIED**.

(2) Defendant Krocka's Motion for Disqualification of Assistant U.S. Attorney (Doc. CR-196; Doc. CV-25) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of September, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant Krocka